United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Cornelio Pantoja, | NO. C 09-01615 JW |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR REMAND** |
| v. | |
| Countrywide Home Loans, Inc., et al., | |
| Defendants. | |

Presently before the Court is Plaintiff's *Ex Parte* Motion for Remand. (hereafter, "Motion," Docket Item No. 8.) Plaintiff seeks to have this matter remanded to state court. Defendants Countrywide Home Loans, Inc. ("Countrywide") and Bank of America Corporation ("Bank of America") filed a timely opposition.[1]

On March 30, 2009, Plaintiff filed his Complaint in the Superior Court of California County of Santa Clara. (Notice of Removal, Ex. A, Docket Item No. 1.) On April 13, 2009, Defendants Countrywide Home Loans, Inc. and Bank of America Corporation removed this action to federal court pursuant to 28 U.S.C. §§ 1331 and 1441(b). (Notice of Removal at 1.) Plaintiff contends that remand is appropriate because his claims do not involve a federal question. (Motion at 5.)

If, prior to final judgment, the district court discovers its lack of subject matter jurisdiction, it must remand the case. 28 U.S.C. § 1447(c). The defendant seeking removal of an action to federal court bears the burden of establishing grounds for federal jurisdiction. Quinones v. Target Stores,

---

[1] (Opposition by Defendants Countrywide Home Loans, Inc. and Bank of America Corporation to Plaintiff's Motion to Remand, Docket Item No. 9.)

1  2005 U.S. Dist. LEXIS 31915 (N.D. Cal. 2005).  Removal statutes are construed restrictively.
2  Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988).  Doubts as to
3  removability are resolved in favor of remanding the case to state court.  Shamrock Oil & Gas Corp.
4  v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  State causes of action premised on violations of federal law "arise" under federal law for the purposes of § 1331.  Grable & Sons metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314-315 (2005) (state claim to quiet title premised on violation of federal statute warrants federal jurisdiction).

In this case, Plaintiff alleges that Defendants received $45 billion dollars from the United State pursuant to the Emergency Economic Stabilization Act of 2008,[2] 12 U.S.C. § 5201, *et seq.*, and seeks a declaratory judgment finding that Defendants have "pocketed this money without using these funds to alleviate the economic and foreclosure crisis existing in the United States," and that Defendants "should be estopped from foreclosing on the home of [P]laintiff."  (Notice of Removal, Ex. A ¶ 80.)  Plaintiff concedes that his first cause of action for declaratory relief is based on Defendants' alleged violation of a federal statute, but contends that his claim is not one "arising under" federal law because he only seeks equitable relief.  (Motion at 7.)  However, the fact that Plaintiff's equitable relief hinges on Defendants' compliance with a federal statute gives rise to a federal question under § 1331.  See Grable & Sons Metal Products, 545 U.S. at 314-15.

In addition, Plaintiff alleges that Defendants failed to provide necessary disclosure under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and Home Equity and Protection Act ("HOEPA"), 15 U.S.C. § 1637, *et seq.*  (Notice of Removal, Ex. A ¶¶ 18-22.)  Although Plaintiff does not actually state causes of action for violations of TILA and HOEPA, he seeks to permanently enjoin Defendants from foreclosing on his property, a remedy that is available under

---

[2] The Emergency Economic Stabilization Act is also referred to as the Troubled Assets Relief Program.

2

1  TILA and HOEPA, but not Plaintiff's state law claims.  Thus, the Court finds that this action was
2  properly removed pursuant to 28 U.S.C. §§ 1331 and 1441(b).
3         Accordingly, the Court DENIES Plaintiff's *Ex Parte* Motion to Remand.

6  Dated:  May 12, 2009

                            JAMES WARE
                            United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Kalama M. Lui-Kwan kml@severson.com
Sunny S. Huo ssh@severson.com
Thomas John Spielbauer thomas@spielbauer.com

**Dated: May 12, 2009**                                      **Richard W. Wieking, Clerk**

                                                             **By:      /s/ JW Chambers
                                                                    Elizabeth Garcia
                                                                    Courtroom Deputy**